1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                              AT TACOMA

9  DANIEL KOGAN and CHRISTOPHER
   HEWITT, individually and as the representative        NO. 3:15CV05559-BHS
10 of all persons similarly situated,
                                                         DEFENDANT'S NOTICE OF
11                 Plaintiffs,                            SUPPLEMENTAL AUTHORITY IN
                                                         OPPOSITION TO PLAINTIFFS'
12 v.                                                    MOTION TO REMAND

13 ALLSTATE FIRE AND CASUALTY
   INSURANCE CO.,
14
                   Defendant.
15

16        Defendant submits the following recent case law and pleadings, attached hereto as

17 Group Exhibit A, created after the briefing on Plaintiffs' Motion to Remand was submitted, as

18 supplemental authority in support of Defendant's opposition to Plaintiffs' remand motion.

19        In Defendant's opposition to Plaintiff's remand motion, Defendant cited *Dawsey v.*

20 *Travelers Indem. Co.*, No. 15cv5188-RBL, Doc. 31 (W.D. Wash. July 16, 2015), and *Lewis v.*

21 *Hartford Cas. Ins. Co.*, No. 15-cv-05275-RBL, Doc. 26 (W.D. Wash. July 20, 2015), both

22 substantively similar diminished value lawsuits brought by the same Plaintiffs' counsel, for the

23 proposition that a class plaintiff cannot defeat CAFA jurisdiction by pleading gamesmanship.

24 (*See* Defendant's Remand Opposition, Doc. 16, at p. 16.)  In *Dawsey* and *Lewis,* the

25 gamesmanship was purporting to disclaim treble damages despite asserting a CPA claim,

26 whereas here, the gamesmanship is not seeking *Olympic Steamship* fees even though they are

NO. 3:15CV05559-BHS                                        LAW OFFICES OF
NOTICE OF SUPPLEMENTAL AUTHORITY - 1                      **COZEN O'CONNOR**
                                                         A PROFESSIONAL CORPORATION
                                                              999 THIRD AVENUE
                                                                SUITE 1900
                                                         SEATTLE, WASHINGTON 98104
                                                                (206) 340-1000

1   available, with the result that attorneys' fees would be taken out of any class recovery, rather

2   than being in addition to such recovery.

3        In *Dawsey* and *Lewis,* Judge Leighton rejected Plaintiffs' counsel's tactics and included

4   the CPA treble damages in the amount in controversy.  And just last Friday, the Ninth Circuit

5   refused to review these orders.  *See Lewis v. Hartford Cas. Ins. Co.,* No. 15-80130, Doc. 6 (9th

6   Cir. Oct. 23, 2015); *Dawsey v. Travelers Indem. Co.*, No. 15-80128, Doc. 9 (9th Cir. Oct. 23,

7   2015) (included in Group Exhibit A).

8        Moreover, immediately after the Ninth Circuit's rulings in *Lewis* and *Dawsey,*

9   Plaintiffs' counsel filed amended complaints in those cases seeking the very treble damages

10   they previously sought to disclaim.  (*Lewis* Amended Complaint, Doc. 31, ¶¶ 6.9, 7.1; *Dawsey*

11   Amended Complaint, Doc. 35, ¶¶ 6.9 7.1, included in Group Exhibit A.)  The amended

12   complaints in *Lewis* and *Dawsey* show beyond doubt that Plaintiffs' counsel are attempting to

13   avoid, through artful pleading, rightful CAFA jurisdiction in all these diminished value cases.

14   That attempt should be soundly rejected by this Court, and Plaintiffs' remand motion should be

15   denied.

16        DATED this 28th day of October, 2015.

17                      COZEN O'CONNOR

18                      By: */s/Jodi A. McDougall* _____

19                          Jodi A. McDougall, WSBA No. 22060
                       Cozen O'Connor

20                          999 Third Avenue, Suite 1900
                       Seattle, WA  98104

21                          E-mail:   jmcdougall@cozen.com

22                          Steven M. Levy*, Admitted Pro Hac Vice*
                       Mark L. Hanover*, Admitted Pro Hac Vice*

23                          Dentons
                       233 South Wacker Drive Suite 5900

24                          Chicago, IL  60606-6361
                       PH:     312 876 8000

25                          E-mail:   steven.levy@dentons.com
                       E-mail:   mark.hanover@dentons.com
                 Attorneys for Defendant

26

NO. 3:15CV05559-BHS
NOTICE OF SUPPLEMENTAL AUTHORITY - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

1

**CERTIFICATE OF SERVICE**

2
I, Jodi McDougall, certify and state as follows:

3
I am a citizen of the United States and a resident of the State of Washington; I am over the

4
age of 18 years and not a party of the within entitled cause.  I am employed by the law firm of

5
Cozen O'Connor, 999 Third Avenue, Suite 1900, Seattle, WA 98104.

6
On the 28th day of October, 2015, I electronically filed the foregoing **DEFENDANT'S**

7
**NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFFS'**

8
**MOTION TO REMAND** with the Clerk of the Court using the CM/ECF system which will

9
send notification of such filing to counsel of record.  I also caused the foregoing

10
**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO**

11
**PLAINTIFFS' MOTION TO REMAND** to be served upon counsel of record at the address

12
and in the manner described below:

13
| Stephen M. Hansen | [  ] | U.S. Mail |
| Law Offices of Stephen M. Hansen, P.S. | [X] | Email |
| 1821 Dock Street, Suite 103 | [  ] | Overnight Courier |
| Tacoma, WA  98402 | [  ] | Facsimile |
| E-mail:steve@stephenmhansenlaw.com | [  ] | Legal Messenger |

14

15

16
I hereby declare under oath and under the penalty of perjury of the laws of the State of

17
Washington that the foregoing is true and correct.

18
DATED this 28th day of October, 2015.

19

20

21
      ___/s/Jodi A. McDougall_____

22
      Jodi A. McDougall, WSBA No. 22060

23
LEGAL\24705975\1 00005.0010.000/374535.000

24

25

26

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

# GROUP EXHIBIT A

FILED

UNITED STATES COURT OF APPEALS

OCT 23 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL DAWSEY, individually and as the representative of all persons similarly situated, | No. 15-80128 |
| Plaintiff - Petitioner, | D.C. No. 3:15-cv-05188-RBL Western District of Washington, Tacoma |
| v. | |
| THE TRAVELERS INDEMNITY COMPANY, | ORDER |
| Defendant - Respondent. | |

Before:  GOULD and WATFORD, Circuit Judges.

Respondent's request to take judicial notice of the state court filings is granted.

The petition for permission to appeal pursuant to 28 U.S.C. § 1453(c) is denied.  *See Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir. 2010) (per curiam).

SL/MOATT

FILED

UNITED STATES COURT OF APPEALS

OCT 23 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN LEWIS and MARILYN LEWIS, individually and as representatives of all persons similarly situated, | No. 15-80130 |
| Plaintiffs - Petitioners, | D.C. No. 3:15-cv-05275-RBL Western District of Washington, Tacoma |
| v. | |
| HARTFORD CASUALTY INSURANCE COMPANY; et al., | ORDER |
| Defendants - Respondents. | |

Before:  GOULD and WATFORD, Circuit Judges.

The petition for permission to appeal pursuant to 28 U.S.C. § 1453(c) is

denied.  *See Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir.

2010) (per curiam).

SLL/MOATT

1

2                                                                    The Honorable RONALD B. LEIGHTON

3

4

5

6

7

8            UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON

9                                              AT TACOMA

10    DANIEL DAWSEY, individually and as the
      representative of all persons similarly situated;     NO. 3:15-cv-05188-RBL
11
                                        Plaintiff,          FIRST AMENDED CLASS ACTION
12                                                          COMPLAINT
13    v.

14    THE TRAVELERS INDEMNITY
      COMPANY;
15                                      Defendant.
16

17            COMES NOW, the Plaintiff, DAN DAWSEY ("DAWSEY"), in the above-entitled

18    matter and files this, his first Amended Class Action Complaint, as the proposed Class

19    Representative of a Class to be composed of certain insureds of THE TRAVELERS

20    INDEMNITY COMPANY (hereafter "TRAVELERS" or "Defendant") with policies issued in

21    the State of Washington, and in support thereof would respectfully show the Court as follows:

22                                         I. INTRODUCTION

23            1.1      This action seeks to recover damages suffered by Plaintiff and the Members of the

24                     Class, all TRAVELERS insureds within the State of Washington as a result of

25                     TRAVELERS breach of its policy of insurance.

26            1.2      TRAVELERS advertised, solicited, and sold automobile insurance policies

27    FIRST AMENDED
      CLASS ACTION COMPLAINT - 1                              Law Offices of
28                                                      STEPHEN M. HANSEN, P.S.
                                                          1821 DOCK STREET, SUITE 103
                                                           TACOMA, WASHINGTON 98402
                                                               (253) 302-5955
                                                              (253) 301-1147 Fax

7

1    providing Uninsured Motorist Property Damage Coverage ("UIM") in the State of

2    Washington.  These policies, like the policy sold to DAWSEY, offered to pay for

3    legally recoverable losses and damage to insured vehicles.

4    1.3    This coverage, found in the UIM endorsement, promises "we will pay

5    compensatory damages which an 'insured' is legally entitled to recover from the

6    owner of operator of an 'underinsured motor vehicle' because of: … 2. 'property

7    damage' cause by an accident." Property damage is defined as "injury to or

8    destruction of the property of an 'insured'" Similar language was authoritatively

9    construed by the Courts of Washington, first on March 10, 2010 by the Court of

10    Appeals (*Moeller v. Farmers Ins. Co. of Wa*, 155 Wn.App. 133, 229 P.3d 857

11    (Div. 2 2010), and then on December 22, 2011 by the Washington Supreme Court

12    (*Moeller v. Farmers Ins. Co. of Wa.*, 173 Wn.2d 264, 267 P.3d 998 (2011), as

13    providing coverage for "diminished value after a car is repaired."

14    1.4    Plaintiff claims that when certain automobiles, those within the proposed Class,

15    sustain damage to their structural systems and bodies, they cannot be repaired to

16    their pre accident condition, and are as a result tangibly different than they were

17    pre accident.  This causes the vehicles to suffer a loss in value called "diminished

18    value" at the time of the accident.

19    1.5    TRAVELERS' policy language does not exclude diminished value from coverage.

20    1.6    Despite knowing that diminished value was a non excluded loss under the UIM

21    Coverage, TRAVELERS did not inform its insureds regarding coverage for

22    diminished value nor did it adjust their losses to include any losses due to

23    diminished value. Instead, TRAVELERS continued with its practice of failing to

24    disclose the loss or coverage, and failing to adjust losses to consider and include

25    payment for diminished value.

26    1.7    On April 11, 2014, Mr. Dawsey was involved in an auto accident with his 2012

27    FIRST AMENDED
     CLASS ACTION COMPLAINT - 2

28    Law Offices of
     STEPHEN M. HANSEN, P.S.
     1821 DOCK STREET, SUITE 103
     TACOMA, WASHINGTON 98402
     (253) 302-5955
     (253) 301-1147 Fax

1      BMW 335 while insured by TRAVELERS.  The vehicle had approximately

2      22,306 miles on it at the time of the accident.  As shown by the repair estimate,

3      the vehicle suffered structure/frame damage, and required paint and body work

4      and the cost of repair was more than $1,000.00.  The claim was covered by

5      TRAVELERS under Mr. Dawsey's UIM coverage (Coverage D3).

6   1.8   As a result of the damage suffered, and the injury to the vehicle in the accident,

7      Mr. Dawsey's vehicle is worth less after it was repaired than it was before the

8      accident.  Mr. Dawsey's vehicle, due to the nature of its damage and its injury is

9      tangibly, and identifiably, different after the accident and after the repairs,

10     resulting in the loss in value.  Since the areas of repaired damage, and the

11     resulting differences in the vehicle from pre-loss condition, can be detectible in

12     any later inspection, the vehicle is worth less (it has "diminished value") as a

13     result of the accident, irrespective of any repairs that might or could be done to the

14     vehicle.

15  1.9   Like other members of the proposed Class, when Mr. Dawsey presented his

16     vehicle to TRAVELERS to have his loss adjusted and paid, TRAVELERS neither

17     informed Mr. Dawsey of the availability of coverage for diminished value, nor did

18     it adjust the loss to include diminished value.  TRAVELERS instead simply had

19     an estimate prepared for the cost of repair of the vehicle, and not the entire

20     covered damages and loss incurred by Mr. Dawsey.

21  1.10  Unlike most putative class members, Mr. Dawsey knew about and requested DV

22     from the TRAVELERS claims adjustor.  In fact, he requested it twice from Randy

23     Dreghorn.  Mr. Dawsey was told on two occasions by Mr. Dreghorn someone

24     would give him a call to discuss the DV claim because he did not handle DV

25     claims.  Mr. Dawsey never heard from anyone at TRAVELERS about his DV

26     claim and it remains unadjusted and unpaid to this day.

27  FIRST AMENDED
    CLASS ACTION COMPLAINT - 3

28

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

9

1.11   Plaintiff alleges that TRAVELERS' failure to pay for this type of loss under its Washington insurance policy's UIM PD coverage breached its contract, and by failing to adhere to the Washington Administrative Code ("WAC") regulations governing claims handling and disclosure, violated the Washington Consumer Protection Act, for which Plaintiff seeks compensatory damages, trebling of the damages, and the mandatory award of fees and costs of this suit available under the Washington Consumer Protection Act ("CPA").

## II. JURISDICTION AND VENUE

2.1   TRAVELERS transacts business in Pierce County, Washington.  Mr. Dawsey is a citizen of Washington.  All members of the proposed Class are insured under policies issued in and for the State of Washington for vehicles registered in the State of Washington, and as a result nearly all are Washington residents and citizens.

2.4   Jurisdiction is afforded under the Class Action Fairness Act of 2005 ("CAFA").

## III. THE PARTIES

3.1   Plaintiff, Daniel Dawsey ("Mr. Dawsey") is an adult citizen who resides in the State of Washington.  Mr. Dawsey was insured under a policy of insurance issued by TRAVELERS.  That policy provided coverage for UIM losses.

3.2   What is today TRAVELERS was founded in 1864 as The Travelers Insurance Company. On April 1, 2004 The Travelers Insurance Company merged with St. Paul Fire and Marine Insurance Company to become St. Paul Travelers Companies, Inc.  In 2007, the company changed its name to The Travelers Companies, Inc.  TRAVELERS is headquartered in New York City with significant operations in St. Paul, Minnesota and Hartford, Connecticut. TRAVELERS does business throughout the state of Washington.

FIRST AMENDED
CLASS ACTION COMPLAINT - 4

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

10

### IV. COMMON COURSE OF CONDUCT BY TRAVELERS

4.1    TRAVELERS solicits and advertises consumers to purchase UIM coverage for their vehicles from TRAVELERS.

4.2    The policy that TRAVELERS has used since December 2004 promises that TRAVELERS will: "will pay compensatory damages which an 'insured' is legally entitled to recover from the owner of operator of an 'underinsured motor vehicle' because of: … 2. 'property damage' cause by an accident." And further defines 'property damage" as "injury to or destruction of the property of an 'insured.'" This coverage clauses covers any remaining injury due to diminished value.

4.3    Despite having not excluded diminished value as a loss, rather than informing members of the potential Class about the coverage provided by their policies and adjusting the loss, TRAVELERS failed to disclose pertinent coverages and benefits and did not adjust claims to address the injury to property which results from diminished value under the UIM coverage.

4.4    Despite knowing its obligations and duties and obligations to its insureds, TRAVELERS has undertaken a course of conduct designed to limit payments for diminished value by failing to disclose and adjust the loss, while instituting no company policies and procedures to pay for damages which it knows it is required to pay to many of its policyholders.

### V. CLASS ACTION ALLEGATIONS

5.1    This action is brought as a class action under FRCP 23.  TRAVELERS' conduct has been systematic and continuous and has affected large numbers of TRAVELERS policy holders (estimated to total around 900 claims) over time. Plaintiff brings this class action to secure redress for TRAVELERS' uniform and common practice of adjusting vehicle losses so that TRAVELERS fails to restore them to their pre loss condition, including value, by leaving the vehicles with the

FIRST AMENDED
CLASS ACTION COMPLAINT - 5

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

11

1  unavoidable tangible and detectable differences after repair.  TRAVELERS

2  further uniformly has failed to inform its policyholders of their loss, and pertinent

3  benefits and coverages under the policy while failing to fully adjust their loss.

4  TRAVELERS' conduct has been uniform throughout the Class Period.

5  5.2   All members of the proposed Class have fully complied with all pertinent policy

6  provisions to receive payment under their policies from TRAVELERS.

7  TRAVELERS has found the UIM coverage to apply to each member of the

8  proposed Class's accident, and found the requirements for coverage to apply to

9  have been fulfilled.  Each member of the proposed Class has presented their

10  vehicle for inspection by TRAVELERS or its agents to have the loss fully

11  adjusted, and TRAVELERS or their authorized agent has inspected the vehicle.

12  No further performance is required by any members of the proposed Class to

13  secure all available coverages and benefits provided by the TRAVELERS policy.

14  5.3   Plaintiff seeks certification of the following Class:

15  All TRAVELERS insureds with Washington policies issued in

16  Washington State, where the insured's vehicle's damages were

17  covered under the UIM PD coverages, and

18  1.   The repair estimates on the vehicle (including any supplements) totaled at

19  least $1,000; and

20  2.   The vehicle was no more than six years old (model year plus five years)

21  and had less than 90,000 miles on it at the time of the accident; and

22  3.   The vehicle suffered structural (frame) damage and/or deformed sheet

23  metal and/or required body or paint work.

24  5.4   Excluded from the Class are (a) claims involving leased vehicles or total losses,

25  (b) employees of TRAVELERS, © the assigned judge, the judge's staff and

26  family, and (d) accidents occurring six years before the filing of this Complaint.

27  FIRST AMENDED
CLASS ACTION COMPLAINT - 6

28

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

5.5     Membership in the Class is so numerous as to make it impractical to bring all
Class members before the Court.  The exact number of Class members is
unknown, but can be readily determined from the records maintained by
TRAVELERS, and is estimated to number around 900 claims.

5.6     The named Plaintiff is typical of members of the Class.  He purchased a
TRAVELERS automotive policy, paid his premiums, and made a claim for loss
when his insured automobile was damaged in an accident.  Plaintiff filed a claim,
and made his vehicle available to TRAVELERS for determination and payment of
his loss.  TRAVELERS then failed to adjust the loss to include diminished value,
or to inform him of the existence of coverage for his diminished value loss. When
he requested DV, TRAVELERS ignored his requests and refused to pay the DV
he was owed.

5.7     There are numerous and substantial questions of law and fact common to all of the
members of the proposed Class which predominate over any individual issues.
Included within the common questions of law and fact are:

a)     Whether TRAVELERS is contractually obligated to provide payment for
diminished value to its insureds;

b)     Whether Plaintiff and members of the proposed Class had any further
obligations before having their losses adjusted by TRAVELERS to include
diminished value;

c)     Whether TRAVELERS breached its contracts of insurance with the Class
by failing to pay diminished value;

d)     The measure of damages for diminished value for the Class and its
amount; and

e)     Whether Class members vehicles were tangibly and demonstrably different
after an accident and repair compared to before the accident, or if only

FIRST AMENDED
CLASS ACTION COMPLAINT - 7

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

13

1         "intangible" differences remain after repair, such that they were "fully

2         repaired to their pre-loss condition."

3      f)      Whether TRAVELERS' failure to disclose to its insureds their entitlement

4         to compensation for DV as a benefit/coverage under the insuring

5         agreement, and TRAVELERS' failure to adjust claims for DV violates the

6         Washington Administrative Code and the Washington Consumer

7         Protection Act; and

8      g)      Whether treble damages should be awarded under the Washington

9         Consumer Protection Act.

10    5.8    Plaintiff has no interests adverse to the interests of other members of the proposed

11         Class, and will fairly and adequately protect the interests of the Class.

12    5.9    Plaintiff has retained the undersigned counsel who are experienced and competent

13         in the prosecution of class actions and complex litigation and have extensive

14         experience with litigation involving diminished value. These counsel have the

15         resources and experience necessary to prosecute this case.

16   5.10    A class action is superior to other available methods for the fair and efficient

17         adjudication of this controversy. Absent a class action, due to the refusal of

18         TRAVELERS to inform its insureds about diminished value, the Class members

19         will continue to suffer damage and TRAVELERS' conduct will proceed without

20         effective remedy.

21   5.11    Individual members of the proposed Class have little interest or ability to

22         prosecute an individual action due to the complexities of the issues involved, the

23         costs of assembling proof of the amount of diminished value, the time required,

24         and the relatively small, although significant (likely averaging around $1,460.00

25         per accident) damages suffered by each member of the proposed Class.

26   5.12    This action will allow the orderly, fair, and expeditious administration of Class

27 FIRST AMENDED
CLASS ACTION COMPLAINT - 8

28

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

**14**

1  claims, economics of time, effort, and expense will be fostered, and uniformity of

2  decisions will be ensured.  As with prior diminished value cases in this country,

3  collective adjudication will allow sufficient proof and expertise to be assembled to

4  fairly value and prove the losses at issue.

5  5.13  This action will present no difficulties which would impede its management by

6  this Court as a class action and a class action is the best available means by which

7  Plaintiff and the Members of the proposed Class can seek redress for the harm

8  caused to them by TRAVELERS.

9  VI. PLAINTIFF'S CAUSES OF ACTION AGAINST TRAVELERS

10  COUNT I   BREACH OF CONTRACT

11  6.1  Plaintiff realleges the allegations contained in the previous paragraphs as if fully

12  set forth herein.

13  6.2  Plaintiff and members of the proposed Class entered into contracts which were

14  identical in material respects with TRAVELERS.  They paid all required

15  consideration in the form of premiums for the coverage afforded by the

16  TRAVELERS policy.  They complied with all conditions precedent under the

17  TRAVELERS policies, presented their claims.  As to each claim, before paying to

18  repair the vehicle, TRAVELERS found coverage to exist and apply and all

19  conditions precedent to payment to be satisfied.

20  6.3  The TRAVELERS policy covers diminished value, and does not exclude the loss.

21  There is no exclusion or limitation for diminished value in the policy.  As such

22  TRAVELERS was obligated to cover losses for diminished value.

23  6.4  TRAVELERS breached the express provisions of the policy and its contract with

24  Plaintiff and members of the Class by not restoring vehicles to their pre loss value

25  and then not paying for the resulting diminished value on those vehicles (such as

26  those within the Class) that had, or would have, tangible differences after repair.

27  FIRST AMENDED
   CLASS ACTION COMPLAINT - 9

28

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

6.5     As a direct and foreseeable consequence of the foregoing, Plaintiff and the members of the Class have been damaged by receiving less (in the form of the difference in the pre accident value of the vehicle and its value as a vehicle repaired to industry standards) than they would have received had TRAVELERS paid the amounts Plaintiff and members of the Class has contracted for, in an amount to be determined at trial.

COUNT II - VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT

6.6     Plaintiff realleges the allegations contained in previous paragraphs as if fully set forth herein.

6.7     In addition to the acts and omissions alleged above, despite knowing that all conditions precedent to Plaintiff's recovery had been performed or had occurred, TRAVELERS has failed and refused to pay Plaintiffs in accordance with its contractual obligations.  TRAVELERS additionally failed to disclose pertinent coverages and benefits and did not adjust claims to address the injury to property which results from diminished value under the UIM coverage.

6.8     Because of TRAVELERS' acts and omissions and failure to restore the Plaintiffs and the Class Member's, vehicles to their pre-accident value, and because of TRAVELERS' failure to make prompt payment of the amount of such damages, TRAVELERS' acts/omissions were unlawful acts under Washington Administrative Code Sections § 284-30-330 and § 284-30-350.

6.9     TRAVELERS' violations of the Washington Administrative Code regulations constitute *per se* violations of Washington's Consumer Protection Act, RCW 19.86 *et seq*.  Plaintiff and the members of the class have been damaged, as a result, in an amount to be determined at trial, together with treble damages, attorney's feed and costs of suit.

FIRST AMENDED
<u>CLASS ACTION COMPLAINT</u> - 10

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

# VI. PRAYER FOR RELIEF

7.1    Plaintiff and the members of the proposed Class have been injured as a result of TRAVELERS' wrongful conduct as described above.  As a result, Plaintiff and the members of the proposed Class are entitled to and pray for the following relief:

    a.    Judgment for the difference between the insured vehicle's pre loss value and its projected market value as a repaired vehicle after the accident;

    b.    Costs of suit;

    c.    Treble damages and attorney's fees and costs as authorized by RCW 19.86.090; and

    d.    For such other relief as deemed just and equitable to effectuate the Court's Orders and Judgment.

7.2    WHEREFORE, THE FORGOING BEING CONSIDERED, Plaintiff respectfully requests that the Court certify this case as a Class Action and that judgment be entered for the Plaintiff and members of the proposed Class against TRAVELERS for the damages described above, and for such other and further relief, at law and equity, to which he and the Class may be entitled.

DATED THIS 26th day of October, 2015.

Law Offices of STEPHEN M. HANSEN, P.S.

By: _____

STEPHEN M. HANSEN WSBA #15642
Of Attorneys for Plaintiff

Debra Brewer Hayes
THE HAYES LAW FIRM, P.C.
700 Rockmead, Ste. 210
Kingwood, TX 77339
Telephone: (281) 815-4972
dhayes@dhayeslaw.com

FIRST AMENDED
CLASS ACTION COMPLAINT - 11

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

1

2      Scott P. Nealey
       Law Office of Scott P. Nealey
3      71 Stevenson Street, Suite 400,
       San Francisco, CA 94105
       Telephone: (415) 857 1934
4      Facsimile: (925) 344 8599
       snealey@nealeylaw.com
5

6

7                          **CERTIFICATE OF SERVICE**

8          The undersigned certifies, under penalty of perjury under the laws of the State of
    Washington, that on the 26th day of October, 2015, I electronically filed the above and foregoing
9   document with the Clerk of the Court using the CM/ECF system, which will automatically send
    notification of such filing to the following:
10

11   Marilee C. Erickson                    Mark L. Hanover
     REED MCCLURE                           DENTONS US LLP
12   Financial Center                       233 S Wacker Dr, Ste 7800
     1215 Fourth Ave, Ste 1700              Chicago  IL 60606-6404
13   Seattle  WA 98161                      (312) 876-8000
     (206) 386-7047                         Mark.hanover@dentons.com
14   Merickson@rmlaw.com

15
     Anna Shiran
16   DENTONS US LLP
     525 Market St, 26th Fl
17   San Francisco  CA 94105
     (415) 882-0151
18   Anna.shiran@dentons.com

19          DATED this 26th day of October, 2015, at Tacoma, Washington.

20
                                    *Sara B. Walker*
21                        _____
                          SARA B. WALKER, Legal Assistant
22

23

24

25

26

27   FIRST AMENDED
     CLASS ACTION COMPLAINT - 12
28
                                              Law Offices of
                                              STEPHEN M. HANSEN, P.S.
                                              1821 DOCK STREET, SUITE 103
                                              TACOMA, WASHINGTON 98402
                                              (253) 302-5955
                                              (253) 301-1147 Fax

1

2                                                    The Honorable RONALD B. LEIGHTON

3

4

5

6              UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON

7                                          AT TACOMA

8

9    JOHN and MARILYN LEWIS individually
     and as the representative of all persons
10   similarly situated,                              NO.  3:15-cv-05275-RBL

11                          Plaintiffs,               FIRST AMENDED CLASS ACTION
                                                      COMPLAINT
12   v.

13   HARTFORD CASUALTY INSURANCE
     COMPANY, PROPERTY AND CASUALTY
14   INSURANCE COMPANY OF HARTFORD,
     HARTFORD UNDERWRITERS
15   INSURANCE COMPANY, TRUMBULL
     INSURANCE COMPANY, TWIN CITY
16   FIRE INSURANCE COMPANY,
     HARTFORD INSURANCE COMPANY OF
17   THE MIDWEST, HARTFORD ACCIDENT
     AND INDEMNITY COMPANY, and
18   SENTINEL INSURANCE COMPANY
     LIMITED,
19
                            Defendants.
20

21          COMES NOW, JOHN and MARILYN LEWIS, (the "Lewises"), Plaintiffs in the above-

22   named cause, and file this, their First Amended Original Class Action Complaint, as the

23   proposed Class Representatives of a Class to be comprised of certain insureds of HARTFORD

24   CASUALTY INSURANCE COMPANY, PROPERTY AND CASUALTY INSURANCE

25   COMPANY OF HARTFORD, HARTFORD UNDERWRITERS INSURANCE COMPANY,

26   TRUMBULL INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY,

27   FIRST AMENDED
     CLASS ACTION COMPLAINT - 1
28                                                   Law Offices of
                                                 STEPHEN M. HANSEN, P.S.
                                                 1821 DOCK STREET, SUITE 103
                                                 TACOMA, WASHINGTON 98402
                                                      (253) 302-5955
                                                    (253) 301-1147 Fax

1  HARTFORD INSURANCE COMPANY OF THE MIDWEST, HARTFORD ACCIDENT AND

2  INDEMNITY COMPANY, and SENTINEL INSURANCE COMPANY LIMITED, (thereafter

3  collectively"Hartford" or "Defendants") with policies issued in the State of Washington, and in

4  support thereof alleges as follows:

5                                    I. INTRODUCTION

6    1.1    This action seeks to recover the actual damages suffered by the Lewises and the

7           members of the Class, all Hartford insureds within the State of Washington, as a

8           result of Hartford's breach of its standard form policy of insurance, and its failure

9           to disclose and properly adjust their losses, necessitating this suit.

10   1.2    Hartford advertised, solicited, and sold automobile insurance policies providing

11          Uninsured Motorist ("UIM") coverage in the State of Washington.  These policies,

12          identical to the policy sold to Plaintiffs, offered to pay for legally recoverable

13          losses and damage to insured vehicles under the UIM Coverage, which includes

14          any loss in the vehicle's market value after repair.  See WPI 30.12.

15   1.3    The policies promise as follows "[W]e will pay compensatory damages which an

16          insured is legally entitled to recover from the owner or operation of an

17          underinsured motor vehicle because of:… (2). Property damage caused by an

18          accident".   The policy further states that: "'Property damage' as used in this Part C

19          means injury to or destruction of the property of an insured."  This language,

20          found in Policy Form 8546 has been used unchanged by Hartford since 2004 and

21          applies to all those in the proposed Class.

22   1.4    Substantially similar language has been authoritatively construed by the Courts of

23          Washington, first on March 10, 2010 by the Court of Appeal (*Moeller v. Farmers*

24          *Ins. Co. of Wa*, 155 Wn.App. 133, 229 P.3d 857 (Div. 2 2010), and then on

25          December 22, 2011 by the Washington Supreme Court (*Moeller v. Farmers Ins.*

26          *Co. of Wa.*, 173 Wn.2d 264, 267 P.3d 998 (2011), as providing coverage for

27  FIRST AMENDED
    CLASS ACTION COMPLAINT - 2

28

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

1    "diminished value after a car is repaired" and diminished value is owed under

2    Hartford's policy.

1.5    Plaintiffs claim that when certain automobiles, those within the proposed Class,

4    sustain damage to their structural systems and bodies, they cannot be fully

5    repaired to their pre-accident condition, and are as a result tangibly different than

6    they were pre-accident.  This causes the vehicles to suffer a loss in value called

7    "diminished value" at the time of the accident.

1.6    While it does exclude diminished value under the Comprehensive and Collision

9    sections (part D) of the policy - which are not applicable to the proposed Class -

10   Hartford's policy language does not exclude diminished value from coverage

11   under UIM (part C).  Hartford has admitted that there is coverage and no

12   exclusion, and therefore that "Diminution in value is potentially recoverable as an

13   element of damages in a UMPD claim, if proven."

1.7    Despite knowing that diminished value was a non excluded loss covered under the

15   policies UIM coverage, Hartford did not adjust Plaintiffs' or members of the

16   proposed Class's losses to include losses due to diminished value. Instead,

17   Hartford continued with its common practice of failing to disclose the loss,

18   coverage, or its policies regarding adjusting and paying diminished value, and

19   failed to adjust losses to consider and include payment for diminished value.

1.8    On June 15, 2014, Plaintiffs' 2010 Lexis IS 250C was involved in a hit and run

21   accident. Plaintiffs' car was parked at Cascade Locks while they were away on a

22   cruise ship. When they returned they saw that their car had been the subject of a

23   hit and run accident. The rear of the car had been damaged.

1.9    Plaintiffs proceeded to recover the damages to their vehicle by filing a claim with

25   Hartford.  Hartford investigated, and (as with all others in the proposed Class)

26   determined the loss to be covered under Plaintiffs' UIM Property Damage

27   FIRST AMENDED
     CLASS ACTION COMPLAINT - 3

28

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

21

1    coverage.

2    1.10    Plaintiffs' 2010 Lexus IS 250C, two door convertible, was purchased new in

3    2010, the vehicle cost around $50,000.00.  Prior to this loss, it had not been

4    involved in any prior accidents.   At the time the vehicle was estimated for repair,

5    immediately after the accident, it had 19,908 miles.   The vehicle required over

6    $4,800.00 in repair work, including, but not limited to, repair and refinish (paint)

7    work on the Right Rocker Panel, Right Door, luggage (trunk) lead, rear body

8    panel, rear bumper cover, and repair, paint, and structural work on the Right

9    Quarter Panel.  As a result of the damage, including structural damage suffered,

10   and the injury to the vehicle in the accident, and the inability to fully restore it to

11   its pre-loss condition, Plaintiffs' vehicle is worth less after the accident than it was

12   before the accident, irrespective of repair.  The Lewises' vehicle, due to the nature

13   of its damage, and that it was tangibly, and identifiably different after the accident

14   and after the repairs, can't be fully restored to its pre-loss value.  Since the areas

15   of, and fact of repaired damage can be detected by knowledgeable buyers,

16   knowledgeable buyers know that after the accident the vehicle lacks the attributes

17   of an undamaged vehicle, and the vehicle is worth less (it has "diminished value")

18   as a result of the accident, irrespective of any repairs that might, could, or were

19   done to the vehicle.

20   1.11    Like other members of the proposed Class, Plaintiffs presented their vehicle to

21   Hartford to have their loss adjusted and paid.  Despite Hartford determined the

22   loss was covered under the standard policy's UIM coverage, Hartford did not

23   adjust the loss to include diminished value.  Hartford instead simply had an

24   estimate prepared for the cost of repair of the vehicle, and not the entire covered

25   damages and loss incurred by Plaintiffs.

26   1.12    Plaintiffs though (unlike most members of the proposed Class) knew about

27   FIRST AMENDED
     CLASS ACTION COMPLAINT - 4

28

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

1    diminished value, and demanded it from Hartford, providing an estimate of their

2    losses from an independent adjuster. Although, Plaintiffs took appropriate

3    measures to receive compensation from Hartford for the damages they incurred,

4    Hartford continuously sought to deny Plaintiffs coverage for diminution of value

5    damages. First, Hartford claimed that Plaintiffs were not owed diminution of

6    value under the policy because Plaintiffs rejected the Underinsured Motorist

7    Property Damage coverage in 2004. However, the insurance application bore out

8    that in fact Plaintiffs did not reject Underinsured Motorist Property Damage

9    coverage.

10   1.13   When an insured fails to accept or reject Underinsured Motorist Property

11   Damages coverage the law finds in favor of the insured. In Washington, insurers

12   must provide UIM coverage and must offer UIM coverage limits equal to the

13   insured's liability coverage limits unless the coverage or the liability coverage

14   limits are specifically rejected. RCW 48.22.030(2)-(3). Insureds may reject UIM

15   coverage but the rejection must be in writing to be effective. RCW 48.22.030(4).

16   Under these provisions, "UIM coverage becomes part of [all] automobile liability

17   coverage by operation of law unless the insured party in writing agrees to a waiver

18   or rejection." *Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 249, 850 P.2d

19   1298 (1993). Any written rejection of coverage under RCW 48.22.030(4) "must

20   be specific and unequivocal." *Cochran v. Great W. Cas. Co.*, 116 Wn.App. 636,

21   642, 67 P.3d 1123 (2003); *Galbraith v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 78

22   Wn.App. 526, 532, 897 P.2d 417 (1995) and *Weir v. Am. Motorists Ins. Co.*, 63

23   Wn.App. 187, 190, 816 P.2d 1278 (1991).

24   1.14   Plaintiffs never signed a written rejection or waived their UIM coverage.  Further,

25   it is Plaintiffs' position that it was never their intent to reject Underinsured

26   Motorist Property Damages coverage. In fact, Plaintiffs' insurance application

27   FIRST AMENDED
     CLASS ACTION COMPLAINT - 5

28
                                                          Law Offices of
                                              STEPHEN M. HANSEN, P.S.
                                                 1821 DOCK STREET, SUITE 103
                                                   TACOMA, WASHINGTON 98402
                                                        (253) 302-5955
                                                       (253) 301-1147 Fax

1    indicates that Plaintiffs increased their Underinsured Motorist coverage from

2    $250,000/$500,000 to /$500,000/ $1,000,000 by specifically handwriting in the

3    increased coverage.  As a result of having challenged the Hartford's claims, , on

4    September 22, 2014, Plaintiffs received a letter stating that Hartford agreed with

5    them that they in fact had UIM PD coverage, and backdated a change in their

6    policy and added Underinsured Motorist Property Damages coverage to their

7    policy beginning August 11, 2013.

8    1.15    After the policy was backdated by Hartford, and the dispute over UIM coverage

9    was resolved in their favor, the Plaintiffs again demanded diminished value for

10    their vehicle.  Hartford provided no reason why it rejected their independent

11    appraisal of the loss, and using a computer program formula, which was based

12    upon a settlement negotiated over 15 years ago between a set of lawyers in

13    Georgia (known as the "17.c" Formula), only offered to pay them $905.00.

14    Hartford provided no good faith explanation or support for their estimated loss in

15    market value, nor explained why Plaintiffs' figure did not more accurately reflect

16    the actual market value loss.  The 17.c Formula has never been validated by any

17    empirical analysis or data to support the results it produces.  Plaintiffs rejected

18    Hartford's offer as woefully inadequate and proceeded to litigation.   To date,

19    Hartford has failed to fairly and adequately compensate Plaintiffs for their

20    diminution of value damages.

21    1.16    Plaintiffs allege that Hartford's failure to pay for this type of loss under its

22    standard Washington insurance policy's UIM coverage breached its standard

23    contract with its policyholders.

24    1.17    Plaintiff further alleges that Hartford's failure to pay for this type of loss under its

25    Washington insurance policy's UIM PD coverage breached its contract, and by

26    failing to adhere to the Washington Administrative Code ("WAC") regulations

27    FIRST AMENDED
28    CLASS ACTION COMPLAINT - 6

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

24

1    governing claims handling and disclosure, violated the Washington Consumer

2    Protection Act, for which Plaintiffs seek compensatory damages, trebling of the

3    damages, and the mandatory award of fees and costs of this suit available under

4    the Washington Consumer Protection Act ("CPA").

5                              II. JURISDICTION AND VENUE

6    2.1   Hartford transacts business in Pierce County, Washington. Plaintiffs are citizens

7          of Washington.  Plaintiffs, John and Marilyn Lewis are adult citizens of

8          Washington.  All members of the proposed Class are insured under policies issued

9          in and for the State of Washington for vehicles registered in the State of

10         Washington, and as a result nearly all are Washington residents and citizens.

11   2.2   Jurisdiction is afforded under the Class Action Fairness Act of 2005 ("CAFA").

12                                  III. THE PARTIES

13   3.1   Plaintiffs, John and Marilyn Lewis ("Plaintiffs") are adult citizens of Washington.

14   3.2   Hartford Casualty Insurance Company  is a corporation headquartered in

15         Connecticut, and domiciled in the State of Indiana. It does business, and issues

16         policies with UIM coverage throughout the State of Washington.

17   3.3   Property and Casualty Insurance Company of Hartford is a corporation

18         headquartered in Connecticut, and domiciled in the State of Indiana. It does

19         business, and issues policies with UIM coverage throughout the State of

20         Washington.

21   3.4   Hartford Underwriters Insurance Company is a corporation headquartered and

22         domiciled in Connecticut. It does business, and issues policies with UIM coverage

23         throughout the State of Washington.

24   3.6   Trumbull Insurance Company is a corporation headquartered and domiciled in

25         Connecticut. It does business, and issues policies with UIM coverage throughout

26         the State of Washington.

27   FIRST AMENDED
     CLASS ACTION COMPLAINT - 7                              Law Offices of
28                                                    STEPHEN M. HANSEN, P.S.
                                                        1821 DOCK STREET, SUITE 103
                                                        TACOMA, WASHINGTON 98402
                                                              (253) 302-5955
                                                            (253) 301-1147 Fax

3.7    Twin City Fire Insurance Company is a corporation headquartered in Connecticut, and domiciled in the State of Indiana. It does business, and issues policies with UIM coverage throughout the State of Washington.

3.8    Hartford Insurance Company of the Midwest is a corporation headquartered in Connecticut, and domiciled in the State of Indiana. It does business, and issues policies with UIM coverage throughout the State of Washington.

3.9    Hartford Accident and Indemnity Company is a corporation headquartered and domiciled in Connecticut. It does business, and issues policies with UIM coverage throughout the State of Washington.

3.10   Sentinel Insurance Company Limited is a corporation headquartered and domiciled in Connecticut. It does business, and issues policies with UIM coverage throughout the State of Washington.

3.11   When claims were made under any Hartford first party automobile policy, including those issued by all eight Hartford entites listed in paragraphs 3.1 - 3.10, those claims are handled by a single claims staff, under a single set of policies, employed by the same company, under a set of policies and procedures which are established by Hartford, regardless of the issuing entity.  All eight issuing entities are one common company, and are treated as such by the National Association of Insurance Commissioners.  As such, for purposes of their interactions with the members of the proposed Class, the eight Hartford entities are juridically linked, allowing Plaintiffs to represent insureds whose policies were issued by juridically linked companies, and who were impacted by the same common pattern and practice.  As it relates to the events and issues at hand, the eight Hartford entities are one and the same and are agents for and alter egos of each other through Hartford which provides all staff, and sets all policies, and handles all claims for all eight entities.

FIRST AMENDED
CLASS ACTION COMPLAINT - 8

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

26

### IV. COMMON COURSE OF CONDUCT BY HARTFORD

4.1     Hartford solicits and advertises consumers to purchase UIM coverage for their vehicles from Hartford.

4.2     The policy that Hartford issued to all members of the proposed Class promised as follows "[W]e will pay compensatory damages which an insured is legally entitled to recover from the owner or operation of an underinsured motor vehicle because of:… (2). Property damage caused by an accident".   The policy further states that: "'Property damage' as used in this Part C means injury to or destruction of the property of an insured."

4.3     The language in the policies falling within the Class has been authoritatively construed in *Moeller v. Farmers* as providing diminished value coverage. Hartford has further admitted diminished value is a covered, non-excluded loss under the UIM section of its policy.  Despite having not excluded diminished value in the UIM portion of the policy as a loss, Hartford failed to adjust claims to address the damage which results from diminished value.

4.4     Despite acknowledging that Plaintiffs were covered under UIM in their September 22, 2014 letter, Hartford has further failed to fully compensate Plaintiffs for the loss to their vehicle. Further, Hartford has not made reasonable attempts to accurately determine the diminished value loss of Plaintiffs' vehicle. Hartford having not excluded diminished value as a loss, rather  than informing members of the potential Class about the coverage provided by their policies and adjusting the loss, Hartford failed to disclose pertinent coverages and benefits and did not adjust claims to address the damages which results from diminished value.

### V. CLASS ACTION ALLEGATIONS

5.1     This action is brought as a class action under FRCP 23.  Hartford's conduct has been systematic and continuous and has affected large numbers of Hartford policy

FIRST AMENDED
CLASS ACTION COMPLAINT - 9

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

1    holders over time.  Plaintiffs bring this class action to secure redress for Hartford's

2    uniform and common practice of adjusting vehicle losses so that Hartford fails to

3    fully restore them to their pre-loss condition, including value, by leaving the

4    vehicles with unavoidable tangible and detectable differences after repair.

5    Hartford further uniformly has failed to inform its policyholders of their

6    diminished value loss, and pertinent benefits and coverages under the policy while

7    failing to fully adjust their loss.   Hartford's conduct has been uniform throughout

8    the Class Period.

9    5.6   All members of the proposed Class have fully complied with all pertinent policy

10    provisions to receive payment under their policies from Hartford.  Hartford has

11    found the UIM coverage to apply to each member of the proposed Class's

12    accident, and Hartford has found the requirements for coverage to apply to have

13    been fulfilled by the Class Members.  Each member of the proposed Class has

14    presented their vehicle for inspection by Hartford or its agents to have the loss

15    fully adjusted, and Hartford or their authorized agent has inspected the vehicle and

16    determined the areas of physical damage that it would pay to repair.   No further

17    performance is required by any members of the proposed Class to secure all

18    available coverages and benefits provided by the Hartford's policy.

19    5.7   Plaintiffs seek certification of the following Class:

20    All Hartford insureds with Washington policies issued in
     Washington State, where the insured's vehicle's damages was
21    covered under the UIM PD coverage, and

22    1.   The repair estimates on the vehicle (including any supplements) totaled at
          least $1,000; and

23

24    2.   The vehicle was no more than six years old (model year plus five years)
          and had less than 90,000 miles on it at the time of the accident; and

25    3.   The vehicle suffered structural (frame) damage and/or deformed sheet
          metal and/or required body or paint work.

26

27    FIRST AMENDED
     CLASS ACTION COMPLAINT - 10

28

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

28

1  Excluded from the Class are (a) claims involving leased vehicles or total losses,

2  (b) employees of Hartford, © the assigned judge, the judge's staff and family, and

3  (d) accidents occurring six years before the filing of this Complaint.

4     5.8  Membership in the Class is so numerous as to make it impractical to bring all

5  Class members before the Court.  The exact number of Class members is

6  unknown, but can be readily determined from the records maintained by Hartford

7  as shown in, e.g. the *Moeller v. Farmers*, *Mansker v. Farmers*, and *Merrill v.*

8  *PEMCO* cases.  Plaintiffs believe there are hundreds of people in the Class, and

9  that the Class will involve around 1540 Hartford claims.

10     5.9  Plaintiffs are typical of members of the Class.  They purchased a Hartford

11  automotive policy, paid premiums, and made a claim for loss when their insured

12  automobile was damaged in an UIM accident.  They filed a claim, and made their

13  vehicle available to Hartford for determination and payment of their loss.

14  Hartford then failed to adjust the loss to include diminished value, or to inform

15  them of the existence of coverage for their diminished value loss.  Then when the

16  Plaintiffs demanded diminished value and provided an expert report to support

17  their claim, Hartford responded with a bad faith offer that was far less than the

18  market value loss of their vehicle.  Their interests are identical to those of other

19  unnamed members of the Class.

20     5.10  As in *Moeller v. Farmers*, where many common issues were resolved, there are

21  numerous and substantial questions of law and fact common to all of the members

22  of the proposed Class which predominate over any individual issues.  Included

23  within the common questions of law and fact are:

24     (a)  Whether Hartford is contractually obligated to provide payment for

25  diminished value to its insureds;

26     (b)  Whether Plaintiffs and the members of the proposed Class had any further

27  FIRST AMENDED
CLASS ACTION COMPLAINT - 11

28  Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

29

1    obligations before having their losses adjusted by Hartford to include

2    diminished value;

3    ©    Whether Hartford breached its contracts of insurance with the Class and

4    violated the CPA by failing to pay diminished value;

5    (d)    The measure of damages for diminished value for the Class and its

6    amount;

7    (e)    Whether Class members vehicles were tangibly different after an accident

8    and repair compared to before the accident, or if only "intangible" and

9    invisible differences remain after repair such that they were "fully repaired

10    to their pre-loss condition" and value;

11    (f)    Whether Hartford's use of the 17.c Formula defrauded its insureds and

12    violated Hartford's obligations under the Washington Administrative Code

13    and the Washington Consumer Protection Act;

14    (g)    Whether Hartford's failure to disclose to its insureds their entitlement to

15    compensation for DV as a benefit/coverage under the insuring agreement,

16    and Hartford's failure to adjust claims for DV violates the Washington

17    Administrative Code and the Washington Consumer Protection Act; and

18    (h)    Whether treble damages should be awarded under the Washington

19    Consumer Protection Act.

20    5.11    Plaintiffs have no interests adverse to the interests of other members of the

21    proposed Class, and will fairly and adequately protect the interests of the Class.

22    5.12    Plaintiffs have retained the undersigned counsel who are experienced and

23    competent in the prosecution of class actions and complex litigation and have

24    extensive experience with litigation involving diminished value. These counsel

25    have the resources and experience necessary to prosecute this case.

26    5.13    A class action is superior to other available methods for the fair and efficient

27    FIRST AMENDED
CLASS ACTION COMPLAINT - 12

28

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

1    adjudication of this controversy. Absent a class action, due to the refusal of

2    Hartford to inform its insureds about diminished value, the Class members will

3    continue to suffer damage and Hartford's conduct will proceed without effective

4    remedy.

5    5.14   Individual members of the proposed Class have little interest or ability to

6    prosecute an individual action due to the complexities of the issues involved, the

7    costs of assembling proof of the amount of diminished value, the time required,

8    and the relatively small, although significant (likely averaging around $1460 per

9    accident) damages suffered by each member of the proposed Class.

10   5.15   This action will allow the orderly, fair, and expeditious administration of Class

11   claims, economics of time, effort, and expense will be fostered, and uniformity of

12   decisions will be ensured.  As with prior diminished value cases in this country,

13   collective adjudication will allow sufficient proof and expertise to be assembled to

14   fairly value and prove the losses at issue.

15   5.16   This action will present no difficulties which would impede its management by

16   this Court as a class action and a class action is the best available means by which

17   Plaintiffs and the members of the proposed Class can seek redress for the harm

18   caused to them by Hartford.

19            VI.  PLAINTIFFS' CAUSES OF ACTION AGAINST HARTFORD

20                    COUNT 1 - BREACH OF CONTRACT

21   6.1    Plaintiffs reallege the allegations contained in the previous paragraphs as if fully

22   set forth therein.

23   6.2    Plaintiffs and members of the proposed Class entered into contracts which were

24   identical in all material respects with Hartford.   They paid all required

25   consideration in the form of premium for the coverage afforded by the Hartford

26   policy.  They complied with all conditions precedent under the Hartford policies

27   FIRST AMENDED
     CLASS ACTION COMPLAINT - 13
28
                                              Law Offices of
                                        STEPHEN M. HANSEN, P.S.
                                          1821 DOCK STREET, SUITE 103
                                            TACOMA, WASHINGTON 98402
                                                 (253) 302-5955
                                               (253) 301-1147 Fax

1    and presented their claims.  As to each claim, before paying to repair the vehicle,

2    Hartford found coverage to exist and apply and all conditions precedent to

3    payment to be satisfied.

4    6.3    The UIM coverage in Hartford policy covers diminished value, and does not

5    exclude the loss.  There is no exclusion or limitation for diminished value in the

6    UIM section of the policy. There is no exclusion or limitation for diminished

7    value in the policy, except the one added to the Collision and Comprehensive

8    portion of the policy.  This does not apply to the UIM coverage or any members of

9    the proposed Class.  As such, Hartford was obligated to cover and pay for the

10   losses for the diminished value. Furthermore, "UIM coverage becomes part of

11   [all] automobile liability coverage by operation of law unless the insured party in

12   writing agrees to a waiver or rejection." *Clements*, 121 Wn.2d at 249. Plaintiffs at

13   no time agreed in writing to reject Underinsured Motorist Property Damages

14   coverage.

15   6.4    Hartford breached the express provisions of the policy and its contract with

16   Plaintiffs and members of the Class by not restoring vehicles, for not paying for

17   the resulting diminished value on those vehicles  (such as those within the Class)

18   that had, or would have, tangible differences after repair.

19   6.5    As a direct and foreseeable consequence of the foregoing, Plaintiffs and the

20   members of the Class have been damaged by receiving less (in the form of the

21   difference in the pre-accident value of the vehicle and its value as a vehicle

22   repaired to industry standards) than they would have received had Hartford paid

23   the amounts Plaintiffs and members of the Class have contracted for, in an

24   amount to be determined at trial.

25   COUNT II - VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT

26   6.6    Plaintiffs reallege the allegations contained in previous paragraphs as if fully set

27   FIRST AMENDED
     CLASS ACTION COMPLAINT - 14

28

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

32

1    forth therein.

2    6.7    In addition to the acts and omissions alleged above, despite knowing that all

3           conditions precedent to Plaintiffs' recovery had been performed or had occurred,

4           HARTFORD has failed and refused to pay Plaintiffs in accordance with its

5           contractual obligations.  HARTFORD additionally failed to disclose pertinent

6           coverages and benefits and did not adjust claims to address the injury to property

7           which results from diminished value under the UIM coverage.

8    6.8    Because of HARTFORD' acts and omissions and failure to restore the Plaintiffs

9           and the Class Member's, vehicles to their pre-accident value, and because of

10          HARTFORD failure to make prompt payment of the amount of such damages,

11          HARTFORD acts/omissions were unlawful acts under Washington

12          Administrative Code Sections § 284-30-330 and § 284-30-350.

13   6.9    HARTFORD' violations of the Washington Administrative Code regulations

14          constitute *per se* violations of Washington's Consumer Protection Act, RCW

15          19.86 *et seq*.  Plaintiff and the members of the class have been damaged, as a

16          result, in an amount to be determined at trial, together with treble damages,

17          attorney's feed and costs of suit.

18                              VII. PRAYER FOR RELIEF

19   7.1    Plaintiffs and the members of the proposed Class have been injured as a result of

20          Hartford's wrongful conduct as described above.  As a result, Plaintiffs and the

21          members of the proposed Class are entitled to and pray for the following relief:

22          a.    Judgment for the difference between the insureds vehicles' pre loss fair

23                market values and their projected fair market values as a repaired vehicle

24                immediately after the accident;

25          b.    Costs of suit;

26          c.    Treble damages and attorney's fees and costs allowed by RCW 19.86.090;

27   FIRST AMENDED
     CLASS ACTION COMPLAINT - 15
28

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

1    and

2    d.    For such other relief as is deemed just and equitable and is necessary to

3          effectuate the Court's Orders and Judgment.

4    7.2   WHEREFORE, THE FORGOING BEING CONSIDERED, Plaintiffs respectfully

5    request that the Court certify this case as a Class Action and that judgment be

6    entered for the Plaintiffs and members of the proposed Class against Hartford for

7    the damages described above, for the attorney's fees described above, and for any

8    necessary orders to effectuate this Court's Judgment.

9    DATED this 26th day of October, 2015.

10   Law Offices of STEPHEN M. HANSEN, P.S.

11   _____

12   STEPHEN M. HANSEN, WSBA # 15642
     Of Attorneys for Plaintiffs

13

14   Debra Brewer Hayes
     The Hayes Law Firm, P.C.
15   700 Rockmead, Suite 210
     Kingwood, Texas 77339
16   Phone: 281-815-4963
     Fax: 832-575-4759
17   dhayes@dhayeslaw.com

18   Scott P. Nealey
     Law Office of Scott P. Nealey
19   593 Jersey Street
     San Francisco, CA 94114
20   Phone: 415-231-5311
     Fax: 415-231-5313
21   Cellular: 415-640-4806
     snealey@nealeylaw.com
22

23

24

25

26

27   FIRST AMENDED
     CLASS ACTION COMPLAINT - 16

28

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax

34

1

**CERTIFICATE OF SERVICE**

2

    The undersigned certifies, under penalty of perjury under the laws of the State of Washington, that on the 26th day of October 2015, I electronically filed the above and foregoing

3

document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to the following:

4

5

Matthew S. Adams               Steven M. Levy
Forsberg & Umlauf              Mark L. Hanover

6

901 5th Ave, Suite 1400         Dentons US LLP
Seattle WA 98164-1039        233 S Wacker Drive, Suite 5900

7

(206) 689-8500                  Chicago  IL 60606
madams@forsberg-umlauf.com   (312) 876-8000

8

                                 steven.levy@snrdenton.com
                                 mark.hanover@dentons.com

9

10

    DATED this 26th day of October, 2015, at Tacoma, Washington.

11

12

                   _Sara B. Walker_____
                   SARA B. WALKER, Legal Assistant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

FIRST AMENDED
CLASS ACTION COMPLAINT - 17

28

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 DOCK STREET, SUITE 103
TACOMA, WASHINGTON 98402
(253) 302-5955
(253) 301-1147 Fax