UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL KOGAN and CHRISTOPHER HEWITT,<br><br>                Plaintiffs,<br><br>    v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE CO.,<br><br>                Defendant. | CASE NO. C15-5559 BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND |

This matter comes before the Court on Plaintiffs Daniel Kogan and Christopher Hewitt's (collectively "Plaintiffs") motion to remand (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On January 6, 2015, Christopher Hewitt ("Hewitt") was involved in a car accident. Dkt. 1-2 ("Comp.") ¶ 1.9. Hewitt's car sustained heavy damage, and the repairs cost more than $35,000. *Id.* Hewitt's car was worth less after it was repaired than before the

accident. *Id.* On January 23, 2015, Daniel Kogan's ("Kogan") car was damaged in a hit-and-run. *Id.* ¶ 1.8. Kogan's car was worth less after it was repaired than before the accident. *Id.*

Both Plaintiffs had automobile insurance policies with Defendant Allstate Fire and Casualty Insurance Co. ("Allstate"). *Id.* ¶ 1.2. Plaintiffs sought underinsured motorist coverage under their Allstate policies. *Id.* ¶¶ 1.10, 4.3. Allstate did not compensate Plaintiffs for the diminished value of their cars. *Id.* ¶¶ 1.10–1.11, 4.3.

On August 4, 2015, Plaintiffs filed an amended class action complaint against Allstate in Pierce County Superior Court. *See* Comp. Plaintiffs claim that Allstate has continuously failed to adjust losses to include diminished value. *Id.* ¶¶ 1.6–1.7. Plaintiffs seek to certify the following class:

> All ALLSTATE insureds with Washington policies issued in Washington State, where the insured's vehicle damages were covered under Underinsured Motorist coverage, and
> 1. the repair estimates on the vehicle (including any supplements) totaled at least $1,000; and
> 2. the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and
> 3. the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.
>
> Excluded from the Class are (a) claims involving leased vehicles or total losses, and (b) the assigned Judge, the Judge's staff and family.

*Id.* ¶ 5.3. Plaintiffs allege that the number of class members will be about 2,518 and the average damages will be about $1,460 per class member. *Id.* ¶ 2.4. Based on these numbers, Plaintiffs allege that the amount in controversy is $3,676,280. *Id.* Plaintiffs

assert a single breach of contract claim. *Id.* ¶¶ 6.1–6.5. Plaintiffs seek compensatory damages and statutory attorney's fees under RCW 4.84.015. *Id.* ¶ 7.1.

On August 7, 2015, Allstate removed the action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Dkt. 1. Allstate's notice of removal asserts that CAFA requirements are satisfied. *See id.* With respect to the amount in controversy, Allstate alleges that there is at least $5,407,840 in controversy. *Id.* at 8.

On September 8, 2015, Plaintiffs moved to remand. Dkt. 15. On September 28, 2015, Allstate responded. Dkt. 16. On October 2, 2015, Plaintiffs replied. Dkt. 17. On October 5, 2015, Allstate filed a surreply and request to strike a declaration submitted with Plaintiffs' reply.[1] Dkt. 19. On October 28, 2015, Allstate filed a notice of supplemental authority. Dkt. 20. On November 3, 2015, Plaintiffs responded. Dkt. 21.

## II. DISCUSSION

Plaintiffs move to remand, arguing that Allstate has not shown that the amount in controversy exceeds CAFA's jurisdictional requirement of $5,000,000.[2] Dkt. 15.

### A. CAFA Removal Standard

"A defendant generally may remove a civil action if a federal district court would have original jurisdiction over the action." *Allen v. Boeing Co.*, 784 F.3d 625, 628 (9th Cir. 2015). CAFA vests federal district courts with original jurisdiction over class

---

[1] The declaration submitted with Plaintiffs' reply does not alter the Court's conclusion.
[2] It is undisputed that this case satisfies CAFA's numerosity and minimal diversity requirements.

actions involving more than 100 class members, minimal diversity, and at least $5,000,000 in controversy, exclusive of interests and costs. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 552 (2014) (citing 28 U.S.C. § 1332(d)). A defendant seeking removal under CAFA must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see also Dart Cherokee*, 135 S. Ct. at 551. The burden of establishing removal jurisdiction remains on the party seeking removal. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). There is no presumption against removal under CAFA. *Dart Cherokee*, 135 S. Ct. at 554.

**B.     Amount in Controversy**

To satisfy CAFA's amount in controversy requirement, the removing defendant must plausibly allege in the notice of removal that the amount in controversy exceeds $5,000,000. *Id.* If the plaintiff challenges the defendant's allegation, the defendant must then establish by a preponderance of the evidence that CAFA's amount in controversy requirement has been satisfied. *Id.*

The preponderance of the evidence standard is not daunting, and only requires that the defendant "provide evidence establishing that it is '*more likely than not*' that the amount in controversy exceeds [$5,000,000]." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204 (E.D. Cal. 2008) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Nevertheless, "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*

*v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).  Both parties may submit evidence outside the complaint, including affidavits, declarations, or other summary-judgment-type evidence.  *Id.* at 1197.  "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions."  *Id.*

In its notice of removal, Allstate plausibly alleged that there is more than $5,000,000 in controversy based on compensatory damages alone.  Dkt. 1 at 8.  To support this allegation, Allstate submitted the declaration of Michael Kane ("Mr. Kane"), a Claims-Support & Process Design-Lead Consultant for Allstate.  Dkt. 1, Ex. A, Declaration of Michael Kane ("Kane Dec.") ¶ 2.  Mr. Kane supervised an audit of Allstate's claims database that tracked the criteria set forth in Plaintiffs' proposed class definition.  *Id.* ¶ 4; *see also* Comp. ¶ 5.3.  Based on Mr. Kane's audit and some conservative extrapolations, Allstate determined that the proposed class will include at least 3,704 members.  Dkt. 1 at 7.  Using Plaintiffs' allegation that the average damages will be $1,460 per class member, Allstate demonstrated that compensatory damages total at least $5,407,840.  *Id.* at 8.

In their motion to remand, Plaintiffs challenge Allstate's number of class members on several grounds.  *See* Dkt. 15.  In response, Allstate presents additional evidence showing that compensatory damages still exceed $5,000,000, even if adjustments are made to the number of class members based on Plaintiffs' arguments.  *See* Dkt. 16, Ex A, Supplemental Declaration of Michael Kane.  To the extent Plaintiffs quibble further with Allstate's calculations in their reply, *see* Dkt. 17, the Court notes that Allstate is not

required to prove the exact amount of Plaintiffs' alleged damages. *See Ibarra*, 775 F.3d at 1198 n.1; *Korn*, 536 F. Supp. 2d at 1204. Rather, Allstate must establish that it is more likely than not that the amount in controversy exceeds $5,000,000. *See Dart Cherokee*, 135 S. Ct. at 554; *Sanchez*, 102 F.3d at 404.

Having considered the allegations in Plaintiffs' complaint, the parties' briefing, and the evidentiary submissions, the Court concludes that Allstate has satisfied its burden. Allstate has demonstrated by a preponderance of the evidence that compensatory damages in this case exceed CAFA's jurisdictional requirement.[3] The Court denies Plaintiffs' motion to remand.

## III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to remand (Dkt. 15) is **DENIED**.

Dated this 9th day of November, 2015.

BENJAMIN H. SETTLE
United States District Judge

---

[3] Because Allstate has demonstrated by a preponderance of the evidence that compensatory damages exceed $5,000,000, the Court declines to address the parties' arguments with respect to attorney fees under *Olympic Steamship*.